IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RONALD W. HYDE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 3:12-cv-168 |
| | ) JUDGE HAYNES |
| WARDEN LEIBACH and CHIEF PITTMAN, | ) ) ) |
| Defendants. | ) ) |

MEMORANDUM

Plaintiff, Ronald Hyde, a state inmate incarcerated at the Metro Davidson County Detention Facility, filed this *pro se action* under 42 U.S.C. § 1983 against Defendants Warden Leibach and Chief Pittman. Plaintiff also submitted an application to proceed *in forma pauperis*.

Plaintiff's application to proceed as a pauper reflects that he is unemployed. Plaintiff's signed and notarized statement from a financial officer at the institution reflects that Plaintiff has $0.00 in his prison trust-fund account. The application is also accompanied by a certified copy of Plaintiff's trust-account statement for the six-month period preceding the filing of the complaint, as required by 28 U.S.C. § 1915(a)(2). The properly supported application should therefore be granted.

However, pursuant to 28 U.S.C. § 1915(b)(1), a prisoner who files a civil action *in forma pauperis*, is nonetheless required to pay the full amount of the filing fee in installments. The Sixth Circuit has stated that the dismissal of a complaint under § 1915 or § 1915A "does not negate a prisoner's obligation to pay the filing fee . . . . [A] court's responsibility under the

Prison Litigation Reform Act is first to examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

### A. Analysis of the Complaint

According to his complaint, between August 29, 2011 and October 30, 2011, Plaintiff with other inmates was assigned to paint the interior of the Metro Davidson County Detention Facility in preparation for a facility audit. Plaintiff alleges that he worked painting eighteen hours a day for a period of time. Warden Leibach and Chief Pittman allegedly told Plaintiff that he would be compensated for his work hours after the audit was completed.

According to Plaintiff, the audit was completed, but Leibach and Pittman allegedly told Plaintiff that they lacked monies to compensate Plaintiff for his work. Plaintiff further alleges that nine inmates were included in the work detail, and all the other inmates, except Plaintiff, were given some type of compensation for their work. Plaintiff seeks compensation for his work, asserting that "a verbal contract is as good as a written contract." (Docket Entry No. 1, at 12.) Plaintiff names Leibach and Pittman in their official capacities only.

### B. Conclusions of Law

Under the Prison Litigation Reform Act, this Court is required to conduct an initial screening of a prisoner's civil complaint if, as in this case, it seeks redress from a governmental entity, official or employee, 28 U.S.C. § 1915A, or if it is filed *in forma pauperis*, 28 U.S.C. §

1915(e)(2). After the initial screening, the Court must *sua sponte* dismiss the complaint or any portion thereof if it is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. *McGore*, 114 F.3d at 612; 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

To state a claim under § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Both parts of this two-part test must be satisfied to support a claim under § 1983. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, Plaintiff's core claim involves a loss of money *i.e.*, payment for work performed. This claim presents an alleged unlawful deprivation of property. The Due Process Clause of Fourteenth Amendment protects against unlawful taking of a person's property by public officers. Yet, where a plaintiff has a claim against government officials under state law for a loss of personal property and state law providers a viable remedy, then his loss does not state a cognizable claim under the Due Process Clause, Parratt v. Taylor, 451 U.S. 527, 543-44 (1981),[1] even if the officers intentionally deprived the plaintiff of his property. Hudson v. Palmer, 468 U.S. 517 (1984).

---

[1] Parratt was overruled on other grounds in Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

In Parratt, the Supreme Court first stated that "property interests are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law -- rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." 451 U.S. at 529 n.1. The Supreme Court then examined its procedural due process precedents on deprivation of property interests and concluded:

> Application of the principles recited above to this case leads us to conclude the respondent has not alleged a violation of the Due Process Clause of the Fourteenth Amendment. Although <u>he has been deprived of property under color of state law, the deprivation did not occur as a result of some established state procedure. Indeed, the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established state procedure. There is no contention that the procedures themselves are inadequate nor is there any contention that it was practicable for the State to provide a predeprivation hearing. Moreover, the State of Nebraska has provided respondent with the means by which he can receive redress for the deprivation.</u> The State provides a remedy to persons who believe they have suffered a tortious loss at the hands of the State. . . . The remedies provided could have fully compensated the respondent for the property loss he suffered, and we hold that they are sufficient to satisfy the requirements of due process.

Id. at 543-44 (emphasis added) (citation omitted).

This principle obtains even if the taking was an intentional deprivation of personal property. As the Supreme Court stated in Hudson:

> While Parratt is necessarily limited by its facts to negligent deprivations of property, it is evident, as the Court of Appeals recognized, that its reasoning applies as well to intentional deprivations of property. The underlying rationale of Parratt is that when deprivations of property are effected through random and unauthorized conduct of a state employee, predeprivation procedures are simply "impracticable" since the state cannot know when such deprivations will occur. We can discern no logical distinction between negligent and intentional deprivations of property insofar as the "practicability" of affording predeprivation process is concerned. . . .
>
> If negligent deprivations of property do not violate the Due Process Clause

-4-

because predeprivation process is impracticable, it follows that intentional
deprivations do not violate that Clause provided, of course, that adequate state
post-deprivation remedies are available. Accordingly, we hold that an
unauthorized intentional deprivation of property by a state employee does not
constitute a violation of the procedural requirements of the Due Process Clause of
the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is
available. For intentional, as for negligent deprivations of property by state
employees, the state's action is not complete until and unless it provides or refuses
to provide a suitable postdeprivation remedy.

468 U.S. at 533 (footnote omitted).

It is important to remember that the Supreme Court's holding in Parratt does not apply to an attack upon an allegedly defective state system or procedure that violates the plaintiff's constitutional rights.

> In Parratt, the Court emphasized that it was dealing with "a tortious loss of . . .
> property as a result of a random and unauthorized act by a state employee. . . not a
> result of some established state procedure." Here, in contrast, it is the state system
> itself that destroys a complainant's property interest, by operation of law,
> whenever the Commission fails to convene a timely conference -- whether the
> Commission's action is taken through negligence, maliciousness, or otherwise.
> Parratt was not designed to reach such a situation.

Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982) (emphasis added) (citations omitted).

There is an exception to this rule, id. at 436, but Plaintiff's allegations do not qualify for that exception.

The Sixth Circuit held Tennessee's statutory remedy against local governments for loss of property, to provide an adequate remedy. In Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985), wherein a state court prisoner sued under § 1983 to recover certain personal property that had been lost, the Court of Appeals stated:

> We believe that the State of Tennessee has provided adequate procedures
> to assure the return of items either negligently or intentionally converted, see
> Tenn. Code Ann. § 9-8-207, and in the absence of resort to state remedies, we do
> not believe that a federal court may assert jurisdiction.

Id. at 199. The Court then sustained the dismissal of the action as frivolous within the meaning of 28 U.S.C. § 1915(d). Tennessee has a comparable law and a viable remedy for losses of property caused by local officials. Tenn. Code Ann. § 29-20-101 et seq.

Thus, the Court concludes that Plaintiff fails for lack of subject matter jurisdiction and must be dismissed. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

An appropriate Order is filed herewith.

This the _____ day of _____, 2012.

William J. Haynes, Jr.
United States District Judge